This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: May 13, 2024**

**No. S-1-SC-40160**

**INQUIRY CONCERNING A JUDGE**
**JSC Inquiry No. 2022-111**

**IN THE MATTER OF**
**HON. DESERI SICHLER**
**Valencia County Magistrate Court**

Phyllis A. Dominguez
Marcus J. Blais
Albuquerque, NM

for Petitioner The New Mexico Judicial Standards Commission

Julio P. Garcia
Albuquerque, NM

for Respondent

**PUBLIC CENSURE**

**PER CURIAM.**

**{1}** This matter came before this Court on a petition to accept the *Stipulation Agreement and Consent to Discipline* (*Stipulation*) between the Judicial Standards Commission (Commission) and Hon. Deseri Sichler, a magistrate court judge in Valencia County.

**{2}** We granted the petition and approved the terms of the *Stipulation* adopting the Commission's request and Judge Sichler's stipulation to issuance of a Public Censure. We now publish this Public Censure in the State Bar of New Mexico *Bar Bulletin* in accordance with our order, the *Stipulation*, and Rule jsc-36(C)(5) NMRA.

**I.      BACKGROUND**

**{3}** A complaint was filed against Judge Sichler with the Commission. The Commission completed its initial investigation, including completion of an informal

conference, which allowed Judge Sichler to personally discuss the allegations with the Commission. The Commission filed a notice of formal proceedings against Judge Sichler on August 25, 2023. The Commission and Judge Sichler entered into the *Stipulation*. As part of the *Stipulation*, Judge Sichler admitted to committing willful misconduct by engaging in the following acts, in violation of the Commission Rules:

> A. During Judge Sichler's 2022 campaign for Valencia County Magistrate Court Judge, Judge Sichler acted as campaign treasurer and personally accepted funds on behalf of her campaign, contrary to NMSA [1978,] Section 1-19-34(A) [(2019)].
> B. On or about March 7, 2022, Judge Sichler listed Russel D. Schmidt as her campaign treasurer on the Secretary of State's Campaign Finance portal/Campaign Finance Information System (CFIS) in her bid for Valencia County Magistrate Court judge but failed to remove him as treasurer when his consent was withdrawn and then began to act as her own treasurer until September 16, 2022, contrary to NMSA [1978,] Section 1-19-29(I) [(2019)].
> C. On or about March 7, 2022, Judge Sichler created the *Committee to Elect Deseri Sichler* and listed herself as the sole contact person for the Committee. All contact information for the Committee, advertisements and her website contained her personal contact information including email, phone number, and mailing address.

*Stipulation* at 2.[1]

**{4}**    Judge Sichler agrees that her conduct violated the following Rules of the Code of Judicial Conduct and committed willful misconduct in office: Rule 21-101 NMRA (requiring compliance with the law), Rule 21-102 NMRA (promoting confidence in the judiciary), Rule 21-402 NMRA (requiring compliance with election campaign laws), and Rule 21-404 NMRA (requiring campaign committees to be established). *Stipulation* at 2. Based upon these admitted violations, Judge Sichler agreed to receive a Public Censure to be published in the State Bar of New Mexico *Bar Bulletin. Id.* For the reasons discussed below, we issue this censure.

## II.    DISCUSSION

**{5}**    Article VI, Section 32 of the New Mexico Constitution creates the Commission and provides that "any justice, judge or magistrate of any court may be disciplined or removed for willful misconduct in office." We have defined willful misconduct in office as "'improper and wrong conduct of a judge acting in [the judge's] official capacity done intentionally, knowingly, and, generally, in bad faith. It is more than a mere error of judgment or an act of negligence.'" *In re Locatelli*, 2007-NMSC-029, ¶ 8, 141 N.M. 755, 161 P.3d 252 (citation omitted). In imposing discipline, we must be satisfied that willful misconduct is proven by clear and convincing evidence. *Id.* ¶ 7. "There need not be

---

1All references to agreements between the Commission and Judge Sichler, aside from the *Stipulation* filed, allude to conversations had between the parties.

clear and convincing evidence to support each and every one of the Commission's evidentiary findings. Rather, we must be satisfied by clear and convincing evidence that there is willful judicial misconduct which merits discipline." *In re Castellano*, 1995-NMSC-007, ¶ 37, 119 N.M. 140, 889 P.2d 175; *accord In re Schwartz*, 2011-NMSC-019, ¶ 13, 149 N.M. 721, 255 P.3d 299.

**{6}** Judge Sichler agrees that she violated Rules 21-101, 21-102, 21-402, and 21-404 of the Code of Judicial Conduct. *Stipulation* at 2. While the Code of Judicial Conduct provides "'some proof of what constitutes appropriate judicial conduct,'" violations of the Code "do not control the issue of whether discipline should be imposed." *Locatelli*, 2007-NMSC-029, ¶ 8 (citation omitted). We agree that Judge Sichler's conduct merits discipline, and for that reason, she should be formally reprimanded by censure.

**{7}** The preamble to the Code of Judicial Conduct states, "An independent, fair, and impartial judiciary is indispensable to our system of justice." Rule 21-001(A) NMRA. To promote the public's trust and to maintain and enhance confidence in the legal system, "[j]udges should maintain the dignity of judicial office at all times and avoid both impropriety and the appearance of impropriety in their professional and personal lives." Rule 21-001(B). The principles of the Code of Judicial Conduct require a judge to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary." Rule 21-102.

**{8}** We agree that the stipulated facts support the conclusion that Judge Sichler violated Rules 21-101, 21-102, 21-402, and 21-404 of the Code of Judicial Conduct. In violating the Code, Judge Sichler failed to follow and comply with election campaign laws and failed to uphold the public's confidence in the integrity and impartiality of the judicial election process.

**{9}** Rule 21-101 requires a judge to "respect and comply with the law, including the Code of Judicial Conduct." Rule 21-102 requires a judge to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety." *See also id.* comm. cmt. 5 ("Actual improprieties include violations of law, court rules, or provisions of this Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge.").

**{10}** Judge Sichler's actions violated Rules 21-101 and 21-102 of the Code of Judicial Conduct. Judge Sichler was required to designate a treasurer to file expenditure reports pursuant to Section 1-19-29(I). The treasurer she named in the expenditure report withdrew his consent, and Judge Sichler then acted as her own treasurer. This action was contrary to statute and thus was a violation of Rule 21-101 ("A judge shall respect and comply with the law . . . ."). Acting as treasurer allowed Judge Sichler to know who contributed to her campaign and know the monetary amounts of those contributions. Judge Sichler had intimate knowledge of campaign rules, having sought the office of

treasurer for Valencia County in 2020. Judge Sichler's conduct created actual impropriety by violating Section 1-19-29(I) and is contrary to Rule 21-102 ("A judge . . . shall avoid impropriety and the appearance of impropriety.").

**{11}** Rule 21-402(A)(1)(b) requires judges to "comply with all applicable election, election campaign, and election campaign fundraising laws and regulations." Rule 21-402(A)(1)(e) requires that judges, "if intending to accept funds from others or expend funds in excess of one thousand dollars ($1,000), establish a campaign committee pursuant to the provisions of Rule 21-404." Rule 21-402(A)(2)(a) prohibits a judge from seeking to discover who has contributed to either the judge's own campaign or to the judge's opponent. Rule 21-404(A) states, in part, that "Candidates shall not personally solicit or personally accept contributions for their own campaigns. . . . The candidate shall take reasonable steps to ensure that his or her campaign committee complies with applicable provisions of this Code and other applicable law."

**{12}** Judge Sichler, acting as her own campaign treasurer, violated both Rule 21-402 and Rule 21-404 of the Code of Judicial Conduct. Section 62-19-34(A) of the Campaign Reporting Act requires judicial candidates to have a treasurer who is not the candidate. Judge Sichler failed to set up a valid campaign committee. Rule 21-402(A)(1)(e) requires a judicial candidate planning on accepting donations to set up a campaign committee pursuant to Rule 21-404. "This rule restricts contributions for campaigns for judicial office to sources and amounts that do not create an appearance of impropriety." Rule 21-402 comm. cmt. 1. Rule 21-404 requires a judicial candidate to set up a campaign committee to avoid personally soliciting or accepting contributions to the candidate's own campaign. Judge Sichler set up a campaign committee through the Secretary of State entitled *The Committee to Elect Deseri Sichler*. Judge Sichler was the sole member of the Committee. She listed her personal phone number, home address, and personal email as the contact for the committee.

**{13}** Judge Sichler agrees that the violations of the rules erode the public's confidence in her ability to follow the law. The violations also reflect negatively on the New Mexico judiciary as a whole and are prejudicial to the effective administration of justice. Pursuant to this Court's power to discipline judges under the New Mexico Constitution Article VI, Section 32, and the Court's power of superintending control under the New Mexico Constitution Article VI, Section 3, Judge Sichler shall receive a Public Censure. Acceptance of judicial discipline protects the public, preserves the public's confidence in the integrity, independence, and impartiality of the judicial system, and enforces the standards of conduct established by Code of Judicial Conduct. *See* Rule 21-216 NMRA comm. cmt. ("Cooperation with investigations and proceedings of judicial . . . discipline agencies . . . instills confidence in judges' commitment to the integrity of the judicial system and the protection of the public.").

**{14}** This Court has considered the admitted facts and violations of the Code of Judicial Conduct and the approved *Stipulation*, and we hereby publicly censure Judge Sichler for willfully violating the established rules and standards that govern every New Mexico judge's conduct. We issue this Public Censure to strengthen the public's

confidence in the integrity, impartiality, and independence of the judiciary and to remind all judges that misconduct which erodes the public's confidence will not be tolerated.

**{15}** For the foregoing reasons Hon. Deseri Sichler is hereby publicly censured for her admitted willful misconduct as set forth fully in the *Stipulation* which this Court accepted, adopted, and confirmed.

**{16}  IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**